## BILL CARTER V. THE STATE.

### No. 4203.   Decided December 6, 1916.

#### Murder—Statement of Facts—Bills of Exception—Sentence—Filing.

Where the court continues in session more than eight weeks, only ninety days are allowed from the date of sentence to file a statement of facts and bills of exception, and the trial court's order allowing ninety days to file these papers after adjournment is void, and therefore can not be considered on appeal, and there being nothing to review, the judgment must be affirmed.

Appeal from the District Court of Comanche.   Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*S. W. Bishop, J. B. McEntire,* and *J. R. Stubblefield,* for appellant.— On question of motion to strike out: Rule 8, Court of Civil Appeals, 142 S. W. Rep., xi, Rule, Court of Criminal Appeals, 142 S. W. Rep., xvii; Conn v. Houston Oil Company of Texas, 171 S W. Rep., 520.

On question of filing statement of facts and delay in filing transcript: Carnely v. Menifee, 118 S. W. Rep., 1083; Vernon's Sayles' Civil Statutes, arts. 1608, 2084, 2089.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of filing statement of facts and bills of exception: Roberts v. State, 70 Texas Crim. Rep., 588; Carden v. State, 70 id., 271; Jones v. State, 73 id., 152; Redman v. State, 67 id., 374; Roberts v. State, 62 id., 7; Armstrong v. State, 60 id., 59; Romero v. State, 72 id., 105; Johnson v. State, 68 id., 193; Robison v. State, 68 id., 115; Fowler v. State, 71 id., 1; Knight v. State, 66 id., 335; Crowell v. State, 66 id., 537; DeMarco v. State, 75 Texas Crim. Rep., 529, 178 S. W. Rep., 1024; McGee v. State, 78 Texas Crim. Rep., 636, 182 S. W. Rep., 309; Pettigrew v. State, 79 Texas Crim. Rep., 319, 184 S. W. Rep., 508.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of murder and his punishment assessed at ten years in the penitentiary.

This is the third appeal in this cause; the others are reported in 170 S. W. Rep., 739, and 78 Texas Crim. Rep., 482, 183 S. W. Rep., 881, respectively.

The court in which he was convicted, by law, could continue more than eight weeks, and as a fact, the term at which he was convicted, did continue longer than eight weeks. It convened April 17 and adjourned July 8, 1916. He was convicted and judgment rendered May 11, 1916. His motion for a new trial was overruled on June 6th, at which time he was duly sentenced, and gave notice of appeal to this court, all of which was then and there duly entered in the minutes of the court. At this time, the court, inadvertently or erroneously, allowed appellant ninety days after *adjournment* to prepare and file a

statement of facts and bills of exceptions, when under the statute and all the decisions of this court thereunder, plainly and without doubt, he could allow only ninety days from the *date of* sentence. His order, therefore, for any additional time after ninety days from sentence, was without power, ineffectual and void. The decisions of this court so holding are so numerous, certain and uniform it is unnecessary, and a useless task to collate and cite them. On this point there has been "no variableness, neither shadow of turning" by this court or its decisions.

The statement of facts, and all bills of exceptions were filed September 26, 1916, which was 112 days after sentence, and twenty-one days too late. Therefore, the Assistant Attorney General's motion to strike them out and not consider them must be, and is, sustained, and they can not be considered. There is nothing we can review without them.

The judgment must, therefore, be affirmed, and it is so ordered.

*Affirmed.*

HARPER, Judge, absent.